IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ESTATE OF TAMMIE L. WEDGEWOOD, ) <br> William O. Wedgewood, Administrator, ) <br>                             Plaintiff     ) <br>                                       ) <br>       vs.                                ) <br>                                       ) <br> HARTFORD LIFE & ACCIDENT     ) <br> INSURANCE COMPANY,               ) <br>                            Defendant    ) | Civil Action No. 09-607 <br> Chief Magistrate Judge Amy Reynolds Hay |

**MEMORANDUM OPINION**

HAY, Chief Magistrate Judge

In this action, the Administrator ("the Administrator" or "the Plaintiff") of the estate of Tammie L. Wedgewood ("Wedgewood") alleges, in a two count Complaint (Doc. 1), breach of a contract of insurance and bad faith on the part of the Defendant, Hartford Life & Accident Insurance Company ("Hartford"). The Court considers here Hartford's Motion to Dismiss the breach of contract claim pursuant to Fed. R. Civ. P. 12(b)(6). Because it finds that the Plaintiff has failed to allege facts sufficient to state a plausible claim for relief, the Court will grant the Motion to Dismiss Count I of the Complaint.

**Facts**

Wedgewood's body was discovered on May 31, 2007. At the time of her death, Wedgewood was under the supervision and treatment of multiple physicians, (Doc. 1 ¶ 5), and had been prescribed a number of drugs including fentanyl and morphine. (Id. at ¶ 6). The Lawrence County Coroner's Office conducted an autopsy and, as part of that process, ordered a toxicology screen. The screen showed that Wedgewood had a lethal blood morphine level of .49 mcg/ml at

the time of death. (Doc. 1 Ex. 1 at 19). Based on the autopsy and the toxicology results, the forensic pathologist concluded that Wedgewood suffered accidental death due to morphine intoxication. (Id. at 20). The Lawrence County Coroner's Office issued a death certificate consistent with the findings of the forensic pathologist. (Id. at 16).

According to the Complaint, Wedgewood was insured in an amount totaling "at least $50,000" under life and accident policies issued by Hartford. On July 31, 2007, the Administrator filed a claim with Hartford, alleging that Wedgewood's death was caused by an accident covered under the Hartford policies. (Id. at 25). In a letter dated September 19, 2008, Hartford denied coverage, stating that Wedgewood's death fell within a specific policy exclusion. Elaborating, Hartford wrote:

> The [Wedgewood] Policy is an Accidental Death and Dismemberment policy, which states that when a covered Injury results in loss of life of an Insured Person within 365 days after the date of the accident, we will pay the Principal Sum applicable to the Insured Person.
>
> The Policy Definitions section defines Injury as:
>
> "...bodily injury resulting directly from accident and independently of all other causes which occurs while the Covered Person is covered under the Policy. Loss resulting from: a) sickness or disease, except a pus-forming infection which occurs through an accidental wound; or b) medical or surgical treatment of a sickness or disease; is not considered as resulting from injury."
>
> The Policy Exclusions section states in part:
>
> "The Policy does not cover any loss resulting from: . . . ; [sic] 6. Injury sustained while voluntarily taking drugs which federal law prohibits dispensing without a prescription, including sedatives, narcotics, barbiturates, amphetamines, or hallucinogens, unless the drug is taken as prescribed or administered by a licensed physician, . . ."

(Id. at 26-27).

In support of its finding that Wedgewood's death resulted from an accident falling within a policy exclusion, Hartford cited Wedgewood's death certificate, the autopsy and toxicology reports, certain of Wedgewood's medical records, and a review of the claim file conducted by Hartford's nurse consultant.  (Id. at 27).  Although Wedgewood's medical and prescription history established that she had a prescription for morphine, "the level found at the time of her death was in the lethal range."  (Id.).  "[B]ased on the records of the dosage prescribed for this medication, [Hartford's Clinical Case Manager] concludes that this was not taken as prescribed."  (Id.).  The Plaintiff was invited to submit additional information that might assist Hartford in evaluating the claim - "[i]n particular, documentation that confirms that the loss was not the result from [sic] the influence of drugs . . . ."  No supplemental materials were produced.

This action was filed in the Court of Common Pleas of Lawrence County, Pennsylvania on April 8, 2009, and removed to this Court on May 18, 2009.

**Standard of Review**

In evaluating a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine, whether under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir.2008).  In order to survive a motion to dismiss,  "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim is plausible on its face where the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has

3

alleged - but it has not 'show[n]'- that the 'pleader is entitled to relief.' " Iqbal, 129 S.Ct. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

**Discussion**

The Court finds that the Plaintiff has not met the Iqbal/Twombly standard. The breach of contract allegations set out in Count I are spare. In addition to the historical facts, the Plaintiff states that "Wedgewood paid all premiums and otherwise satisfied all conditions and covenants and performed all things required of her and/or her estate under the insurance contract . . . ." (Doc.1 at ¶ 13). The Plaintiff then alleges that there has been a covered loss, that Hartford is obligated by the terms of the contract to pay benefits, and that the failure to do so constitutes breach of contract. (Id. at ¶¶ 14, 15,16). Nothing in these allegations suggests that Wedgewood's accidental death falls outside the coverage exclusion upon which Hartford relies.

In the brief opposing Hartford's Motion to Dismiss, the Plaintiff points to: 1) a portion of the Coroner's report noting a statement by Wedgewood's brother that on the day prior to her death, Wedgewood had seen a pain management physician who had "upped her meds"; and 2) the fact that Wedgewood had been prescribed multiple pain medications. (Doc.18 at 4). The Plaintiff states, "At this point, it is unknown whether any of these medications may have interacted adversely with the morphine or affected the excretion of morphine from Mrs. Wedgewood's bloodstream." (Doc.18 at 5). This observation alone is insufficient to overcome the inadequacies in the Complaint. As the Court of Appeals for the Third Circuit has instructed:

> The burden is on the insured, not the insurer, to introduce evidence
> to show that the exclusion which appears to be triggered does not
> apply after all. See, e.g., Northern Ins. Co. v. Aardvark Assocs., 942
> F.2d 189 (3d Cir.1991) (predicting that the Pennsylvania Supreme
> Court would adopt the reasoning of Lower Paxton Twp. v. U.S. Fid.
> & Guar.Co., 557 A.2d 393, 403 (1989) that held the insured had the
> burden of proving the allegations in the complaint fell within a

"sudden and accidental" exception to a pollution exclusion).

Air Prod. & Chem., Inc. v. Hartford Accident & Indem. Co., 25 F.3d 177, 180 (3d Cir.1994). If information uncovered during discovery conducted in conjunction with Count II of the Complaint ultimately reveals a factual basis for the argument that this matter does not fall within the exclusion invoked by Hartford, and raises a reasonable inference that the contract of insurance was breached, the Plaintiff is free to amend the Complaint.

**Conclusion**

For the reason set out above, the Motion to Dismiss (Doc. 5) filed by the Defendant will be granted as to Count I of the Complaint without prejudice to the Plaintiff's right to amend the Complaint to add a breach of contract claim should it be supported by facts uncovered during the course of discovery. An appropriate Order follows.

By the Court,

/s/ *Amy Reynolds Hay*
Chief Unites States Magistrate Judge

Dated:   30 November, 2009

cc:   Counsel of Record via CM-ECF